UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ANGELIKI KASSIMIS and DIMITRIOS KASSIMIS,

                       Plaintiffs,

        -against-

PROGRESSIVE SPECIALTY INSURANCE
COMPANY, and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

                       Defendants.
------------------------------------------------------------------- x

**MEMORANDUM & ORDER**
19-cv-282 (DLI) (SJB)

**DORA L. IRIZARRY, Chief United States District Judge:**

On December 7, 2018, Plaintiffs Angeliki Kassimis and Dimitrios Kassimis ("Plaintiffs") filed a complaint in Supreme Court of the State of New York, County of Queens, alleging three causes of action against Defendant Progressive Specialty Insurance Company ("Progressive"), and one cause of action against State Farm Mutual Automobile Insurance Company ("State Farm"), arising out of insurance claims made following an automobile accident. Notice of Removal, Ex. A, ("Compl."), Dkt. Entry No. 1. After timely removing the case to this Court asserting diversity jurisdiction, State Farm moved to dismiss the sole claim against it under Federal Rule of Civil Procedure 12(b)(6). *See*, Mem. of Law in Supp. of State Farm's Mot. to Dismiss, ("Mem."), Dkt. Entry No. 7-3 at 3–4. For the reasons discussed below, State Farm's motion to dismiss is granted.

## BACKGROUND

The factual background and procedural history of this case is summarized below only insofar as it is relevant to the instant motion to dismiss. The decision in this Memorandum and Order is made without prejudice to Plaintiffs' claims against Progressive.

Plaintiffs' claim against State Farm originates out of an automobile accident involving Plaintiffs that occurred on or around December 10, 2012. *See*, Compl., Ex. B-C. Plaintiffs allege that they were party to a contract with Progressive providing Plaintiffs with Underinsured Motorist Coverage and Supplemental Uninsured Coverage ("UIM/SUM"). *Id.* ¶ 9. At some point prior to February 26, 2015, Plaintiffs initiated a claim under the UIM/SUM policy with Progressive relating to the December 10, 2012 accident. *Id.*, Ex. C. On August 20, 2015, Plaintiffs settled a bodily injury claim with State Farm relating to the accident, signing a Release and Stipulation of Discontinuance in consideration of the sum of $25,000.00. *Id.* ¶ 10, Ex. D. On September 24, 2015, Progressive informed Plaintiffs that it was denying Plaintiffs' claim under the UIM/SUM policy because Plaintiffs had settled the underlying bodily injury claim with State Farm without requesting Progressive's consent, as allegedly was required under the terms of the UIM/SUM policy. *Id.*, ¶ 15, Ex. B.

On December 7, 2018, Plaintiffs commenced this action in the Supreme Court of the State of New York, County of Queens, alleging breach of contract, unjust enrichment, and bad faith with respect to Progressive, and alleging tortious interference with a contract on the part of State Farm. *Id.* ¶¶ 17–41. Plaintiffs claim that State Farm tortiously interfered with Plaintiffs' contract with Progressive by "rush[ing] to send" Plaintiffs a settlement check for $25,000 in exchange for a signed release from Plaintiffs when State Farm "should have known" that Progressive's consent to the settlement was required under the terms of Plaintiffs' UIM/SUM policy. *Id.* ¶ 31. Plaintiffs served the complaint on Progressive and State Farm on December 14, 2018 and December 17, 2018, respectively. Notice of Removal, ¶¶ 18–19 and Ex. A. State Farm removed the action to this Court on January 15, 2019 with Progressive's consent. Dkt. Entry Nos. 1–2.

On January 22, 2019, State Farm moved to dismiss Plaintiffs' tortious interference with contract claim under Rule 12(b)(6), on the grounds that the claim was time barred under the applicable statute of limitations or, in the alternative, that Plaintiffs failed to plead a claim for tortious interference with a contract. Mem. at 3–7. Plaintiffs filed a memorandum in opposition to State Farm's motion to dismiss on March 22, 2019. Pl.'s Mem. in Opp'n. to Mot. to Dismiss, ("Opp."), Dkt. Entry No. 21. State Farm filed a reply memorandum in support of its motion to dismiss on April 5, 2019. State Farm Reply Mem. of Law in Supp. Of Mot. to Dismiss, ("Reply"), Dkt. Entry No. 23.

## DISCUSSION

### A. Legal Standard

A federal court hearing a case pursuant to diversity jurisdiction generally applies the substantive law of the state in which it sits. *See*, *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938). Questions concerning a statute of limitations are questions of substantive law, and thus are governed by state law. *See*, *Cantor Fitzgerald, Inc. v. Lutnick*, 313 F.3d 704, 709 (2d Cir. 2002). Affirmative defenses based on a statute of limitations may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See*, *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) ("Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss."). If a defendant succeeds in showing that the statute of limitations has run on a claim, dismissal is appropriate for failure to state a claim upon which relief may be granted. *See*, *United States v. N. Adult Daily Health Care Ctr.*, 205 F. Supp.3d 276, 303 (E.D.N.Y. 2016) (collecting cases).

In reviewing a complaint in the context of a Rule 12(b)(6) motion to dismiss, the court must accept as true all allegations of fact and draw all reasonable inferences from these allegations in favor of the plaintiff. *See*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). However, courts are not obligated to accept "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint is deemed to include attached writings and documents. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); Fed. R. Civ. P. 10(c).

### B. Statute of Limitations

State Farm correctly asserts, and Plaintiffs do not contest, that a three-year statute of limitations applies to claims of tortious interference with a contract in New York. *See*, *Ullmannglass v. Oneida, Ltd.*, 86 A.D.3d 827, 828 (3d Dep't 2011) ("[A] claim for tortious interference with a contract is governed by a three-year statute of limitations") (citing N.Y. C.P.L.R. § 214(4) (McKinney)); *See also*, *Nelly de Vuyst, USA, Inc. v. Europe Cosmetiques, Inc.*, 2012 WL 246673, at *7 (S.D.N.Y. Jan. 6, 2012); *Moreno v. Episcopal Diocese of Long Island*, 2016 WL 8711448, at *11 (E.D.N.Y. Jan. 20, 2016), *report and recommendation adopted*, 2016 WL 8711394 (E.D.N.Y. Mar. 4, 2016).

However, the parties disagree as to the point at which Plaintiffs' claim accrued and the statutory period commenced. State Farm claims that the countdown began at the moment Plaintiffs were denied insurance coverage. Mem. at 4. Plaintiffs disagree, though they fail to state clearly their position as to when the statute of limitations period began. Plaintiffs assert that "[t]he [s]tatute of [l]imitations does not run until there is a legal right to relief," and that "accrual occurs

4

when the claim becomes enforceable." Opp. at 4. Later, Plaintiffs appear to concede that their claim against State Farm is not yet ripe because "no cause for tortious interference to breach a contract arises until actual damages are sustained" and, apparently, "the actual damages . . . [have] not [been] sustained as yet." *Id.* at 4–5.

Plaintiffs correctly state that, as a general matter, in a tort action, a legal right to relief accrues at the moment of injury and the statute of limitations then begins to run. *See*, *Ackerman v. Price Waterhouse*, 84 N.Y.2d 535, 541 (1994) ("As a general proposition, it is upon injury that a legal right to relief arises in a tort action and the [s]tatute of [l]imitations begins to run."). However, as State Farm correctly observes, in cases involving claims of denial of coverage against an insurer, the plaintiff's injury occurs at the moment the insurer disclaims liability. *See*, *Runcie v. Interfaith Med. Ctr.*, 189 Misc. 2d 372, 374 (2d Dep't, 2001) (statute of limitations period on tortious interference with contract claim began to run when contract was terminated) (internal citation omitted); *Techno-Comp, Inc. v. Arcabascio*, 130 F. Supp.3d 734, 742 (E.D.N.Y. 2015) (tortious interference with contract claim accrued at time of breach of contract); *Nikchemny v. Allstate Ins. Co.*, 2016 WL 6082034, at *3 (E.D.N.Y. Oct. 17, 2016) ("[T]he statute of limitations begins running on the date that the legal claim accrues—in insurance[ ] cases, at the denial of the insurance claim") (citing *Fabozzi v. Lexington Ins. Co.*, 601 F.3d 88, 91 (2d Cir. 2010)). Therefore, the limitations period for Plaintiffs' claim for tortious interference with a contract against State Farm began to run when Progressive denied Plaintiffs' claim under the UIM/SUM policy.

In their claim for breach of contract against Progressive, Plaintiffs state that Progressive "did not perform under [c]ontract and breached its provisions when they wrongfully disclaimed UIM/SUM coverage to plaintiff specified by the contract," citing the "[l]etter dated September 24, 2015." Compl. ¶ 20. Plaintiffs' attach the letter from Progressive denying coverage, dated

5

September 24, 2015, to their complaint. *Id.* Ex. B. Therefore, September 24, 2015 is the date of Progressive's alleged breach of contract and, in turn, is the date upon which the statute of limitations period began running on Plaintiffs' tortious interference with contract claim against State Farm. Plaintiffs filed this action on December 7, 2018, more than three years after the alleged breach of contract was caused by State Farm's tortious interference. As a result, Plaintiffs' claim for tortious interference with contract against State Farm is time barred.

## **CONCLUSION**

For the reasons set forth above, State Farm's motion to dismiss is granted and the third cause of action in the Complaint is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
      September 30, 2019

/s/
DORA L. IRIZARRY
Chief Judge